UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE C. KAELIN,<br><br>　　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br><br>　　　　　Defendant. | CASE NO. C17-5250JLR<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

## I. INTRODUCTION

Plaintiff Chance C. Kaelin seeks review of the denial of his application for supplemental security income ("SSI") benefits. Mr. Kaelin contends that the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence in the record. (Op. Br. (Dkt. # 7) at 1.) Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the court AFFIRMS Defendant Commissioner Nancy A. Berryhill's ("the Commissioner") final decision and DISMISSES the case with prejudice.

ORDER - 1

## II. BACKGROUND

On December 23, 2013, Mr. Kaelin protectively filed an application for SSI benefits. (Administrative Record ("AR") (Dkt. # 5) at 11.) Mr. Kaelin's application was denied initially and on reconsideration. (*Id.*) After the ALJ conducted a hearing on August 7, 2015, the ALJ issued a decision finding Mr. Kaelin not disabled. (*Id.* at 11-27.)

In her decision, the ALJ utilized the five-step disability evaluation process,[1] and the court summarizes the ALJ's findings as follows:

**Step one**: Mr. Kaelin has not engaged in substantial gainful activity since December 13, 2013, the amended alleged onset date of disability.

**Step two**: Mr. Kaelin has the following severe impairments: depression, anxiety, substance addiction, and asthma.

**Step three**: Mr. Kaelin does not have an impairment or combination of impairments that meets or equals the requirements of a listed impairment.[2]

**RFC**: Mr. Kaelin has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations. He must avoid concentrated exposure to pulmonary irritants and hazards such as unprotected heights and moving machinery. He can perform simple tasks. He can adapt to occasional changes in work setting. He can have superficial, infrequent contact with the public. He can work in proximity to co-workers and interact with them briefly but performs better in more solitary work settings.

**Step four**: Mr. Kaelin has no past relevant work.

**Step five**: Because jobs exist in significant numbers in the national economy that Mr. Kaelin can perform, he has not been disabled since December 23, 2013, the amended alleged onset date of disability.

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

(*See id.*) The Appeals Council denied Mr. Kaelin's request for review, making the ALJ's decision the Commissioner's final decision.³ (*See id.* at 1-6.)

### III. ANALYSIS

Pursuant to 42 U.S.C. § 405(g), the court must set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Mr. Kaelin argues that the ALJ erred in evaluating the opinion of examining psychologist Dan Neims, Psy.D. (*See* Op. Br. at 2-7.) Where the medical evidence in the record is not conclusive, resolving questions of credibility and conflicts in the evidence is solely the responsibility of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ may also draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

---

³ The court omits the rest of the procedural history in this matter because it is not relevant to the outcome.

1    The ALJ must provide "clear and convincing" reasons for rejecting the
2 uncontradicted opinion of an examining physician. *See Lester v. Chater*, 81 F.3d 821,
3 830 (9th Cir. 1996). Even when an examining physician's opinion is contradicted, that
4 opinion "can only be rejected for specific and legitimate reasons that are supported by
5 substantial evidence in the record." *Id.* at 830-31.
6    Dr. Neims examined Mr. Kaelin in 2013 and in 2015 and found in both
7 examinations that Mr. Kaelin was markedly impaired in his ability to perform several
8 workplace functions, including performing activities within a schedule, maintaining
9 regular attendance, being punctual within customary tolerances, adapting to changes in a
10 work setting, making simple work-related decisions, asking simple questions,
11 communicating and performing effectively, and maintaining appropriate behavior in a
12 work setting. (*See* AR at 256, 517.) The ALJ gave Dr. Neims' opinion little weight
13 because, among other reasons, the severity of the limitations to which Dr. Neims opined
14 was inconsistent with the overall medical evidence. (*See id.* at 24-25.)
15    An ALJ need not accept a physician's opinion if that opinion is inadequately
16 supported "by the record as a whole." *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d
17 1190, 1195 (9th Cir. 2004). Mr. Kaelin argues that this reason is impermissibly general
18 in this case because the ALJ, in giving little weight to Dr. Neims' opinion, did not
19 explain specifically why or how the overall medical evidence was inconsistent with that
20 opinion. (*See* Op. Br. at 3-4.) However, the ALJ set out a detailed and thorough
21 summary of the medical evidence earlier in the decision. (*See* AR at 13-20.) There, the
22 ALJ noted that a primary care provider found Mr. Kaelin to be alert and oriented with

normal mood, affect, thought process, and thought content. (*See id.* at 14, 16 (citing *id.* at 222, 277).) An emergency room physician found Mr. Kaelin to be alert, oriented, and cooperative. (*See id.* at 220.) A nurse practitioner found on multiple mental status examinations that despite occasional depressed or anxious moods, Mr. Kaelin was alert and cooperative with intact concentration and memory. (*See id.* at 280, 290, 296, 298, 300, 302, 386, 390.) The ALJ also noted that treatment records indicated that Mr. Kaelin was capable of completing simple work tasks on his family farm and maintaining appropriate behavior around other people. (*See id.* at 19-20 (citing *id., e.g.,* at 277, 398, 519, 659).)

The court infers that the ALJ found the foregoing medical evidence to be inconsistent with the marked limitations about which Dr. Neims opined. Though the medical evidence could also be interpreted in a manner more favorable to Mr. Kaelin, the court must not reweigh the evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). If the medical evidence "is susceptible to more than one rational interpretation," including one that supports the ALJ's decision, the ALJ's decision "must be upheld." *See id.* Substantial evidence – that is, more than a scintilla – supports the ALJ's specific and legitimate reason to discount Dr. Neims' opinion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes*, 881 F.2d at 750. Therefore, the ALJ

//
//
//
//

committed no harmful error.

## IV. CONCLUSION

For the foregoing reasons, the court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

Dated this 11th day of ~~August~~ September, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 6